Cite as 2021 Ark. 123

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE AMENDMENTS TO RULES OF COURT CREATING A COMMITTEE ON THE UNAUTHORIZED PRACTICE OF LAW | Opinion Delivered May 27, 2021 |

## PER CURIAM

Today, we adopt the following amendments to the Rules of Court Creating a Committee on the Unauthorized Practice of Law effective immediately. The revisions are set out in full at the end of this order, as well as in "line-in, line-out" fashion (new material is underlined; deleted material is lined through). The revised rules were recommended by the Committee. We wish to express our gratitude to the members of the Committee for their work.

We also approve the following provisions: At the first meeting of the Committee after the effective date of this rule, the four current members of the Committee whose terms are set to expire on May 31, 2021, shall be permitted to serve the remainder of 2021 and one year from January 1, 2022, in order to allow for an orderly transition to staggered terms. The other three members of the Committee, whose terms expire after May 31, 2021, shall draw random term assignments of two or three years that begin on January 1, 2022, and they shall

serve those assigned terms regardless of their current appointed term. These members shall each be allowed to serve an additional three-year term after the expiration of the term assigned by their drawn term. Current members shall be allowed to serve without regard to the congressional district requirement of this rule. The additional two persons named to the Committee after the initial adoption of this rule shall be appointed in accordance with the congressional district requirement of this rule and shall serve three-year terms.

**Rules of Court Creating a Committee on the Unauthorized Practice of Law.** The court shall appoint a standing committee known as the Supreme Court Committee on the Unauthorized Practice of Law.

(1) *Membership.* The court shall appoint nine Committee members, four of whom shall be members of the bar of the State of Arkansas and five of whom shall be persons who are residents of Arkansas and are not licensed to practice law. One lawyer member and one non-lawyer member shall be appointed from each congressional district, and one non-lawyer member shall be appointed from the state at large. The court shall make a good faith effort to achieve diversity in the appointments, including gender, race, ethnicity, and geographical diversity. In addition to the nine members of the Committee, the court shall also appoint two alternates, at least one of whom shall be a licensed attorney. The Chair of the Committee shall be a licensed attorney. If the court does not designate the Chair and Vice Chair of the Committee, those offices shall be elected by the Committee. In addition, the Committee shall elect a Secretary.

(2) *Member's Term of Service.*

(A) *In General.* The court shall appoint members for terms of three years. The terms shall be staggered so that one-third of the terms of the Committee members expire each year.

(B) *Vacancy Before Term Expires.* In case of vacancy caused by death, resignation, or other circumstances, the court shall appoint a successor to serve the unexpired term of the predecessor member.

(C) *Holdover.* After a member's term has expired, the member may continue to serve until the court appoints a successor or reappoints the member. If a member holds over after

expiration of a term and is reappointed, the holdover period is part of that member's new term. A successor will serve a full three-year term from the date of appointment without reference to any holdover.

(D) *Term Limit*. A member cannot serve more than two consecutive, full three-year terms unless the court makes a special exception based on the needs of the Committee.

(3) *Power to Adopt Rules and Regulations.* Subject to the approval of the court, the Committee may adopt rules and regulations that it deems necessary to carry out the provisions of this rule, so long as they are consistent with this rule.

(4) *Subpoena Power and Process.* When conducting investigations and hearings, the Committee may authorize the Committee's Chair to subpoena, subject to Arkansas Rule of Civil Procedure 45, the respondent, witnesses, and documents.

(5) *Capacity to Appear*. The Committee may appear in its own name in legal proceedings addressing issues relating to the performance of its functions and compliance with this rule.

(6) *Compensation and Expenses*. The court may approve per diems and reimbursement of necessary expenses for the Committee members.

(7) *Additional Staff*. The court designates the staff of the Office of Professional Conduct to provide necessary staff and secretarial services.

(8) *Duties*.

(A) *In General*. The Committee will investigate matters of alleged unauthorized practice of law and alleged violations of court rules governing the unauthorized practice of law, and if warranted, the Committee may take any action that is provided in these rules.

(9) *Meetings*. At the beginning of each calendar year, the Chair shall schedule four quarterly meetings, and the Committee shall meet at least two times a year. The Committee must hold a special meeting if a majority of its members request such a meeting by notifying the Chair.

(A) *Chair or Vice Chair Presides*. The Chair will preside at all meetings of the Committee. In the Chair's absence, the Vice Chair will preside.

(B) *Confidentiality*. Any matter under investigation by the Committee must remain confidential until initiation of formal proceedings under this rule, or until resolution of the matter. To ensure this confidentiality, the Committee shall meet in executive session.

(C) *Notice of Absence.* Members who are unable to attend a meeting must notify the Chair or the staff of the Office of Professional Conduct at least two days in advance of the meeting.

(D) *Order of Business.* The Chair will determine the order of business.

(E) *Quorum.* A quorum consists of five members, and all decisions must be made by a majority of those members present and voting.

(F) *Telephone or Electronic Vote.* In appropriate circumstances, as may be determined by the Chair, a telephone or electronic vote of a majority of members polled, numbering at least five Committee members concurring in a decision, constitutes a Committee decision. Any such decision must be recorded in the minutes of the next Committee meeting.

(G) *Minutes.* The staff of the Office of Professional Conduct will direct preparation of minutes for all Committee meetings and will furnish copies of the minutes to all members of the Committee and to the supreme court justice assigned to oversee the Committee.

(10) *Investigation.*

(A)*Procedure Upon Receipt of Complaint.* When a complaint is submitted to the Committee, the Committee's staff shall submit the complaint form and any other information received by the staff to the Committee with a ballot for members to vote whether they believe probable cause exists to conduct an investigation. Within fourteen days, members shall return the ballots by email, mail, fax, or hand-delivery, and the vote whether to conduct an investigation shall be communicated to the Committee. At least three votes are required to open an investigation into the complaint so long as the three votes are the majority of the responding members.

(B) *Conduct and Content of Investigation.* This investigation should ordinarily consist of any available methods of investigation, including, but not limited to, an analysis of the complaint and any other relevant information that staff may reasonably gather, a survey of the applicable law, and written responses of the complainant, the respondent, and any witnesses identified in the complaint.

(C) *Report.* At the next regular meeting of the Committee, the staff shall provide a report of the investigation for the purpose of providing the Committee with sufficient information to determine what action, if any, should be taken by the Committee. If practicable, complaints should be investigated and reported on within sixty days, excluding weekends and holidays, unless there are extenuating circumstances documented by staff. The subcommittee or assigned staff member shall notify the Chair about any delays in the investigation of and reporting on complaints.

(D) *Decision to Hold Formal Proceedings.* If the Committee concludes that formal proceedings will assist in its determination, formal proceedings may be held as specified in this rule. If the Committee determines that action is required in the form of a warning or letter of caution, formal proceedings shall not be required. If the respondent disagrees with that action by the Committee, the respondent may, within thirty days of the action, make a written request for a formal proceeding in accordance with these rules. Any warning or letter of caution shall give the respondent notice of the right to request a formal proceeding. If, however, the Committee determines that action in the form of a cease and desist order or other mandatory relief is required, formal proceedings shall be required.

(11) *Formal Proceedings.* To assist the Committee in performing its functions, it may take sworn testimony of witnesses and the respondent.

(A) *Notice to Respondent.* Formal proceedings before the Committee are commenced by written notice to the respondent informing the respondent of the nature of the conduct which the Committee believes may constitute the unauthorized practice of law. The notice must be accompanied by a copy of this rule. The notice may be served by:

(i) delivering it in person by a member of the Committee's staff or by a sheriff or other authorized process server;

(ii) mailing it by certified mail, return receipt requested, postage prepaid, to the respondent's last known business or residence address;

(iii) delivering it to a commercial carrier for delivery to the respondent's last known business or residence address;

(iv) other means such as email or facsimile, reasonably calculated to reach the respondent, including any method described in Arkansas Rule of Civil Procedure 4;

(v) if one of the foregoing methods of notice has been attempted and the Committee is unable to locate the respondent or the notice has been returned as undeliverable, the Committee shall cause the notice to be published in a newspaper of general circulation in Arkansas or a digital newspaper accessible to the public by the internet two times at least thirty days before the date of the Committee meeting at which action is scheduled to be taken on the complaint.

(B) *Certificate of Service.* The Committee or its designee must prepare a certificate of service stating how the respondent was served.

(C) *Time to Respond.* The respondent must be given thirty days to provide a written response to the notice. If a respondent who has been properly served as provided in this rule fails to provide a written response within thirty days of the date of service, the factual allegations of the complaint shall be deemed admitted by default unless the Committee's own investigation demonstrates that the alleged fact is not true.

(D) *Appointing Attorneys.* If the staff attorney of the Office of Professional Conduct is unable to present evidence regarding the complaint due to a conflict of interest or unavailability or unwillingness to serve, the Chair (or the Vice Chair if the Chair is to be appointed) may appoint one or more attorney members of the Committee or outside counsel to present, at a hearing, evidence of conduct that may constitute the unauthorized practice of law. If a Committee member is appointed, that member may not participate further in the Committee's consideration of actions to dispose of the matter under this rule.

(E) *Conduct of Hearing.* The respondent may be accompanied by counsel at the hearing. Except as noted in these rules, the Arkansas Rules of Evidence and the Arkansas Rules of Civil Procedure shall not generally apply to formal proceedings. The respondent may present documentary evidence, testify, present testimonial evidence from witnesses, and cross-examine witnesses, all subject to any rules and regulations adopted by the Committee and such reasonable limitations as are imposed by the Committee.

(F) *Findings of Fact and Conclusions of Law.* Following a formal hearing, the Committee may prepare written findings of fact and conclusions of law in support of its final disposition of the matter under this rule. In preparing its findings, the Committee must apply a preponderance of the evidence standard. No advisory opinion issued, or action taken, by the Committee shall be construed as an order of the court.

(12) *Actions by the Committee.* During any stage of the investigation or formal proceedings, the Committee may dispose of any matter pending before it by any of the following methods:

(A) If no evidence of unauthorized practice is found, the matter shall be closed and the complainant notified.

(B) If the respondent agrees to cease and desist from actions that appear to constitute the unauthorized practice of law, the matter may be closed by formal agreement with notification of such action given to the complainant. A formal agreement may require the respondent to pay restitution to persons from whom the respondent obtained fees.

(C) (i) If the Committee finds by a preponderance of the evidence that the activities engaged in could be considered the unauthorized practice of law, but that the activities were conducted indirectly and unintentionally, the Committee shall issue a warning letter to the

respondent and provide a copy of the letter to the complainant. If the Committee finds by a preponderance of the evidence that the activities engaged in were the unauthorized practice of law and done with intent, considering the facts and history of the respondent with such activities, the Committee may issue a letter of caution against engaging in that activity in the future with a copy of the letter to the complainant.

(ii) If, following a formal proceeding under this rule, the Committee finds by a preponderance of the evidence that the activities engaged in were a blatant and intentional violation of the prohibition against the unauthorized practice of law, the respondent has a history of such activity, or such activities pose a significant threat to the public, the Committee may issue a cease and desist letter to the respondent with a copy to the complainant that requires the respondent to immediately stop such activities and enter into a consent agreement with the Committee not to engage in the activities. If such a cease and desist letter is issued by the Committee, the respondent, but not the complainant, shall have a right to appeal such decision to the Pulaski County Circuit Court within thirty days of the date that the cease and desist letter is mailed to the last known address of the respondent.

(iii) If a cease and desist letter is issued and the respondent fails to stop the activities found to be the unauthorized practice of law or to enter into a consent agreement with the Committee regarding such activities, then the Committee shall have the right to seek an injunction and declaratory relief against the respondent in the Pulaski County Circuit Court. This rule does not prohibit the Committee from seeking injunctive or declaratory relief in any circumstance that it believes warrants such relief.

(iv) The content of any sanction letter or notification identified under this rule shall contain the following information to the extent available:

   a. Date or range of dates of the prohibited conduct;

   b. Location(s) of the prohibited conduct;

   c. Description of the prohibited conduct;

   d. Elements of the Committee's finding(s) as set forth in Sections 12(C)(i) and 12(C)(ii); and

   e. Any right the respondent may have to request relief and applicable deadlines as set forth within these rules.

(D) The Committee may also refer cases to the appropriate prosecutor, the United States Attorney, the Attorney General of the State of Arkansas, or other appropriate authorities for investigation and possible prosecution or action.

(13) *Closed Files*. When the Committee closes a file, the file must be retained in the records of the Committee for a period of at least five years.

(A) *Publication*. The Committee's final decisions shall be published on the Arkansas Judiciary website within thirty days of the date of the action.

(14) *Proceedings Before the Court*.

(A) *Contempt*. Violations of this rule, or of any injunction, other court order, or consent agreement issued pursuant to proceedings under this rule, are punishable as contempt.

(B) *Injunction and Equitable Relief*. Regardless of whether the Committee seeks injunctive or declaratory relief based upon its determination that the respondent has engaged in the unauthorized practice of law, the complainant may petition the Pulaski County Circuit Court to enjoin the respondent from such activities. Upon petition of the Committee or the complainant, the Pulaski County Circuit Court shall have authority to issue a permanent injunction to restrain the unauthorized practice of law, together with such ancillary equitable remedies so as to afford complete relief, including but not limited to equitable monetary relief in the form of disgorgement, restitution, or reimbursement to those harmed by the conduct.

(C) *Original Proceeding*. Notwithstanding any other rule, the Committee may initiate an original proceeding before the circuit court to seek an injunction against the unauthorized practice of law or seek declaratory relief, or for violation of an injunction or consent order issued previously pursuant to proceedings under this rule.

(i) *Service*. Any petition filed by the Committee shall be served on the respondent or respondent's designated counsel as provided in Arkansas Rule of Civil Procedure 4.

(ii) *Special Counsel*. The court may, on motion of the Committee or on its own initiative, appoint a special counsel to represent the Committee and to present the Committee's proof and argument in the proceeding.

(iii) *Conduct of Proceedings*. An original proceeding shall be governed by the Arkansas Rules of Civil Procedure.

(iv) *Notice of Appeal*. Decisions of the circuit court are final and effective determinations that are subject to appellate review. Any party may file a notice of appeal with the Clerk of the Supreme Court and Court of Appeals within thirty days from the entry of the judgment by the court.

(15) *Immunity.*

(A) The Supreme Court Committee on the Unauthorized Practice of Law, its individual members, its agents, and employees and agents of the Committee are immune from suit or action for their activities in discharge of their duties under these Procedures, to the full extent of judicial immunity in Arkansas.

(B) Except for perjury and false swearing, complainants, respondents, and any other persons providing information to the Committee regarding a complaint are immune from suit or action for all communications with the Committee, its agents, and employees and agents of the Committee.

**Rules of Court Creating a Committee on the Unauthorized Practice of Law.** The court shall appoint a standing committee known as the Supreme Court Committee on the Unauthorized Practice of Law.

**Rule 1. Composition of Committee on Unauthorized Practice of Law.**
~~The Court shall appoint a committee composed of four lawyers and three persons who are not lawyers. One lawyer member of the committee shall be from each Congressional district and the balance of the members shall be from the state-at-large. Members shall be appointment to serve a three year term and may be reappointed to a second three year term. A member whose term has expired, shall continue to serve until a replacement is appointed. The committee shall select one of its members as Chair, one as Vice-Chair, and another as secretary.~~

~~A majority of the committee shall constitute a quorum.~~

**Rule 2. Name; Seal; Powers.**
~~The name of the Committee shall be "The Supreme Court Committee on the Unauthorized Practice of Law." The Committee shall provide for its use a seal of such design as it may deem appropriate, and in the performance of its duties imposed by Rule of Court and by its own rules promulgated pursuant to Rule of Court, shall have authority to issue subpoena for any witness, including the production of documents, books, records, or other evidence, directed to any Sheriff or State Police officer within the state, requiring the presence of any person before it. Such process shall be issued under the seal of the committee and be signed by the Chair or Secretary. Disobedience of any subpoena or refusal to testify may be regarded as constructive contempt of the Arkansas Supreme Court, and punishable by proceedings in that court.~~

(1) *Membership.* The court shall appoint nine Committee members, four of whom shall be members of the bar of the State of Arkansas and five of whom shall be persons who are residents of Arkansas and are not licensed to practice law. One lawyer member and one non-lawyer member shall be appointed from each congressional district, and one non-lawyer member shall be appointed from the state at large. The court shall make a good faith effort to achieve diversity in the appointments, including gender, race, ethnicity, and geographical diversity. In addition to the nine members of the Committee, the court will also appoint two alternates, at least one of whom shall be a licensed attorney. The Chair of the Committee shall be a licensed attorney. If the court does not designate the Chair and Vice Chair of the Committee, those offices shall be elected by the Committee. In addition, the Committee shall elect a Secretary.

(2) *Member's Term of Service.*

(A) *In General.* The court shall appoint members for terms of three years. The terms shall be staggered so that one-third of the terms of the Committee members expire each year.

(B) *Vacancy Before Term Expires.* In case of vacancy caused by death, resignation, or other circumstances, the court shall appoint a successor to serve the unexpired term of the predecessor member.

(C) *Holdover.* After a member's term has expired, the member may continue to serve until the court appoints a successor or reappoints the member. If a member holds over after expiration of a term and is reappointed, the holdover period is part of that member's new term. A successor will serve a full three-year term from the date of appointment without reference to any holdover.

(D) *Term Limit.* A member cannot serve more than two consecutive, full three-year terms unless the court makes a special exception based on the needs of the Committee.

(3) *Power to Adopt Rules and Regulations.* Subject to the approval of the court, the Committee may adopt rules and regulations that it deems necessary to carry out the provisions of this rule, so long as they are consistent with this rule.

(4) *Subpoena Power and Process.* When conducting investigations and hearings, the Committee may authorize the Committee's Chair to subpoena, subject to Arkansas Rule of Civil Procedure 45, the respondent, witnesses, and documents.

(5) *Capacity to Appear.* The Committee may appear in its own name in legal proceedings addressing issues relating to the performance of its functions and compliance with this rule.

(6) *Compensation and Expenses.* The court may approve per diems and reimbursement of necessary expenses for the Committee members.

(7) *Additional Staff.* The court designates the staff of the Office of Professional Conduct to provide necessary staff and secretarial services.

(8) *Duties.*

(A) *In General.* The Committee will investigate matters of alleged unauthorized practice of law and alleged violations of court rules governing the unauthorized practice of law, and if warranted, the Committee may take any action that is provided in these rules.

(9) *Meetings*. At the beginning of each calendar year, the Chair shall schedule four quarterly meetings, and the Committee shall meet at least two times a year. The Committee must hold a special meeting if a majority of its members request such a meeting by notifying the Chair.

(A) *Chair or Vice Chair Presides*. The Chair will preside at all meetings of the Committee. In the Chair's absence, the Vice Chair will preside.

(B) *Confidentiality*. Any matter under investigation by the Committee must remain confidential until initiation of formal proceedings under this rule, or until resolution of the matter. To ensure this confidentiality, the Committee shall meet in executive session.

(C) *Notice of Absence*. Members who are unable to attend a meeting must notify the Chair or the staff of the Office of Professional Conduct at least two days in advance of the meeting.

(D) *Order of Business*. The Chair will determine the order of business.

(E) *Quorum*. A quorum consists of five members, and all decisions must be made by a majority of those members present and voting.

(F) *Telephone or Electronic Vote*. In appropriate circumstances, as may be determined by the Chair, a telephone or electronic vote of a majority of members polled, numbering at least five Committee members concurring in a decision, constitutes a Committee decision. Any such decision must be recorded in the minutes of the next Committee meeting.

(G) *Minutes*. The staff of the Office of Professional Conduct will direct preparation of minutes for all Committee meetings and will furnish copies of the minutes to all members of the Committee and to the supreme court justice assigned to oversee the Committee.

**Rule 3. Inquiries and Complaints.**
All inquiries and Complaints relating to the unauthorized practice of law shall be directed to the Committee, in writing, through the Administrative Office of the Courts. Upon receipt of such inquiry or Complaint, the Committee may:

a. Without formal investigation make a determination that the action or course of conduct does not constitute unauthorized practice of law, or

b. Determine that probable cause exists for the conduct of a formal investigation and to conduct such investigation as is indicated, including the calling of witnesses for testimony under oath. Thereafter, the Committee shall:

1. Make a determination of whether in the opinion of the Committee, the action or course of conduct under investigation constitutes unauthorized practice of law.

2. Publish an advisory opinion directed to the interested parties and reflecting the decision of the Committee.

c. In the event of a finding of unauthorized practice of law and a continuation of the action or course of conduct after receipt of the Committee's advisory opinion, the Committee may bring an action or actions in the proper Court(s) seeking to enjoin that conduct deemed to constitute unauthorized practice of law, and to pursue such action(s) in the name of the committee to a final conclusion.

(10) *Investigation.*

(A)*Procedure Upon Receipt of Complaint.* When a complaint is submitted to the Committee, the Committee's staff shall submit the complaint form and any other information received by the staff to the Committee with a ballot for members to vote whether they believe probable cause exists to conduct an investigation. Within fourteen days, members shall return the ballots by e-mail, mail, fax, or hand-delivery, and the vote whether to conduct an investigation shall be communicated to the Committee. At least three votes are required to open an investigation into the complaint so long as the three votes are the majority of the responding members.

(B) *Conduct and Content of Investigation.* This investigation should ordinarily consist of any available methods of investigation, including, but not limited to, an analysis of the complaint and any other relevant information that staff may reasonably gather, a survey of the applicable law, and written responses of the complainant, the respondent, and any witnesses identified in the complaint.

(C) *Report.* At the next regular meeting of the Committee, the staff shall provide a report of the investigation for the purpose of providing the Committee with sufficient information to determine what action, if any, should be taken by the Committee. If practicable, complaints should be investigated and reported on within sixty days, excluding weekends and holidays, unless there are extenuating circumstances documented by staff. The subcommittee or assigned staff member shall notify the Chair about any delays in the investigation of and reporting on complaints.

(D) *Decision to Hold Formal Proceedings.* If the Committee concludes that formal proceedings will assist its determination, formal proceedings may be held as specified in this rule. If the Committee determines that action is required in the form of a warning or letter of caution, formal proceedings shall not be required. If, however, the respondent disagrees with that

13

action by the Committee, the respondent may, within thirty days of the action, make a written request for a formal proceeding in accordance with these rules. Any warning or letter of caution shall give the respondent notice of the right to request a formal proceeding. If, however, the Committee determines that action in the form of a cease and desist order or other mandatory relief is required, formal proceedings shall be required.

(11) *Formal Proceedings*. To assist the Committee in performing its functions, it may take sworn testimony of witnesses and the respondent.

(A) *Notice to Respondent*. Formal proceedings before the Committee are commenced by written notice to the respondent informing the respondent of the nature of the conduct which the Committee believes may constitute the unauthorized practice of law. The notice must be accompanied by a copy of this rule. The notice may be served by:

(i) delivering it in person by a member of the Committee's staff or by a sheriff or other authorized process server;

(ii) mailing it by certified mail, return receipt requested, postage prepaid, to the respondent's last known business or residence address;

(iii) delivering it to a commercial carrier for delivery to the respondent's last known business or residence address;

(iv) other means such as email or facsimile, reasonably calculated to reach the respondent, including any method described in Arkansas Rule of Civil Procedure 4;

(v) if one of the foregoing methods of notice has been attempted and the Committee is unable to locate the respondent or the notice has been returned as undeliverable, the Committee shall cause the notice to be published in a newspaper of general circulation in Arkansas or a digital newspaper accessible to the public by the internet two times at least thirty days before the date of the Committee meeting at which action is scheduled to be taken on the complaint.

(B) *Certificate of Service*. The Committee or its designee must prepare a certificate of service stating how the respondent was served.

(C) *Time to Respond*. The respondent must be given thirty days to provide a written response to the notice. If a respondent who has been properly served as provided in this rule fails to provide a written response within thirty days of the date of service, the factual allegations of the complaint shall be deemed admitted by default unless the Committee's own investigation demonstrates that the alleged fact is not true.

(D) *Appointing Attorneys.* If the staff attorney of the Office of Professional Conduct is unable to present evidence regarding the complaint due to a conflict of interest or unavailability or unwillingness to serve, the Chair (or the Vice Chair if the Chair is to be appointed) may appoint one or more attorney members of the Committee or outside counsel to present, at a hearing, evidence of conduct that may constitute the unauthorized practice of law. If a Committee member is appointed, that member may not participate further in the Committee's consideration of actions to dispose of the matter under this rule.

(E) *Conduct of Hearing.* The respondent may be accompanied by counsel at the hearing. Except as noted in these rules, the Arkansas Rules of Evidence and the Arkansas Rules of Civil Procedure shall not generally apply to formal proceedings. The respondent may present documentary evidence, testify, present testimonial evidence from witnesses, and cross-examine witnesses, all subject to any rules and regulations adopted by the Committee and such reasonable limitations as are imposed by the Committee.

(F) *Findings of Fact and Conclusions of Law.* Following a formal hearing, the Committee may prepare written findings of fact and conclusions of law in support of its final disposition of the matter under this rule. In preparing its findings, the Committee must apply a preponderance of the evidence standard. No advisory opinion issued, or action taken, by the Committee shall be construed as an order of the court.

(12) *Actions by the Committee.* During any stage of the investigation or formal proceedings the Committee may dispose of any matter pending before it by any of the following methods:

(A) If no evidence of unauthorized practice is found, the matter shall be closed and the complainant notified.

(B) If the respondent agrees to cease and desist from actions that appear to constitute the unauthorized practice of law, the matter may be closed by formal agreement, with notification of such action given to the complainant. A formal agreement may require the respondent to pay restitution to persons from whom the respondent obtained fees.

(C) (i) If the Committee finds by a preponderance of the evidence that the activities engaged in could be considered the unauthorized practice of law, but that the activities were conducted indirectly and unintentionally, the Committee shall issue a warning letter to the respondent and provide a copy of the letter to the complainant. If the Committee finds by a preponderance of the evidence that the activities engaged in were the unauthorized practice of law and done with intent, considering the facts and history of the respondent with such activities, the Committee may issue a letter of caution against engaging in that activity in the future with a copy of the letter to the complainant.

(ii) If, following a formal proceeding under this rule, the Committee finds by a preponderance of the evidence that the activities engaged in were a blatant and intentional violation of the prohibition against the unauthorized practice of law, the respondent has a history of such activity, or such activities pose a significant threat to the public, the Committee may issue a cease and desist letter to the respondent with a copy to the complainant that requires the respondent to immediately stop such activities and enter into a consent agreement with the Committee not to engage in the activities. If such a cease and desist letter is issued by the Committee, the respondent, but not the complainant, shall have a right to appeal such decision to the Pulaski County Circuit Court within thirty days of the date that the cease and desist letter is mailed to the last known address of the respondent.

(iii) If a cease and desist letter is issued and the respondent fails to stop the activities found to be the unauthorized practice of law or to enter into a consent agreement with the Committee regarding such activities, then the Committee shall have the right to seek an injunction and declaratory relief against the respondent in the Pulaski County Circuit Court. This rule does not prohibit the Committee from seeking injunctive or declaratory relief in any circumstance that it believes warrants such relief.

(iv) The content of any sanction letter or notification identified under this rule shall contain the following information to the extent available:

    a. Date or range of dates of the prohibited conduct;

    b. Location(s) of the prohibited conduct;

    c. Description of the prohibited conduct;

    d. Elements of the Committee's finding(s) as set forth in Sections 12(C)(i) and 12(C)(ii); and

    e. Any right the respondent may have to request relief and applicable deadlines as set forth within these rules.

(D) The Committee may also refer cases to the appropriate prosecutor, the United States Attorney, the Attorney General of the State of Arkansas, or other appropriate authorities for investigation and possible prosecution or action.

(13) *Closed Files*. When the Committee closes a file, the file must be retained in the records of the Committee for a period of at least five years.

(A) *Publication*. The Committee's final decisions shall be published on the Arkansas Judiciary website within thirty days of the date of the action.

(14) *Proceedings Before the Court.*

(A) *Contempt.* Violations of this rule, or of any injunction, other court order or consent agreement issued pursuant to proceedings under this rule, are punishable as contempt.

(B) *Injunction and Equitable Relief.* Regardless of whether the Committee seeks injunctive or declaratory relief based upon its determination that the respondent has engaged in the unauthorized practice of law, the complainant may petition the Pulaski County Circuit Court to enjoin the respondent from such activities. Upon petition of the Committee or the complainant, the Pulaski County Circuit Court shall have authority to issue a permanent injunction to restrain the unauthorized practice of law, together with such ancillary equitable remedies so as to afford complete relief, including but not limited to equitable monetary relief in the form of disgorgement, restitution, or reimbursement to those harmed by the conduct.

(C) *Original Proceeding.* Notwithstanding any other rule, the Committee may initiate an original proceeding before the circuit court to seek an injunction against the unauthorized practice of law or seek declaratory relief, or for violation of an injunction or consent order issued previously pursuant to proceedings under this rule.

(i) *Service.* Any petition filed by the Committee shall be served on the respondent or respondent's designated counsel as provided in Arkansas Rule of Civil Procedure 4.

(ii) *Special Counsel.* The court may, on motion of the Committee or on its own initiative, appoint a special counsel to represent the Committee and to present the Committee's proof and argument in the proceeding.

(iii) *Conduct of Proceedings.* An original proceeding shall be governed by the Arkansas Rules of Civil Procedure.

(iv) *Notice of Appeal.* Decisions of the circuit court are final and effective determinations that are subject to appellate review. Any party may file a notice of appeal with the Clerk of the Supreme Court and Court of Appeals within thirty days from the entry of the judgment by the court.

**Rule 4. Adoption of Rules.**
~~The Committee shall adopt rules of procedure for the handling of inquiries and complaints, and a copy of said rules of procedure shall be filed with the Clerk of the Arkansas Supreme Court, upon approval by the Court, and shall be subject to inspection and made available upon request of any interested person.~~

17

**Rule 5. Expenses.**
~~The members of the Committee may be entitled to receive per diem and reasonable reimbursement for the expenses of participating in the work of the Committee, including the cost of meals, lodging and transportation. The rate of reimbursement and per diem and all such expenditures shall be set and approved by the Director of the Administrative Office of the Courts.~~

**Rule 6. Meetings Open to Public; Legal Action.**
~~All inquiries and Complaints which proceed to hearing(s)before this Committee shall be open to the public and the news media. NO advisory opinion issued by this Committee shall be construed as an Order of the Court. However, nothing in this section shall be deemed to restrict or in any manner inhibit the Committee from commencing such legal action as an arm of state government as it deems proper, to enjoin or restrain an activity or course of conduct deemed by a majority of a quorum of the Committee to be unauthorized practice of law within the statutes and laws of the state.~~

~~Rule 7.~~ (15) *Immunity.*

(~~a~~A) The Supreme Court Committee on the Unauthorized Practice of Law, its individual members, its agents, and employees and agents of the Committee are immune from suit or action for their activities in discharge of their duties under these Procedures, to the full extent of judicial immunity in Arkansas.

(~~b~~B) Except for perjury and false swearing, complainants, respondents, and any other persons providing information to the Committee regarding a complaint are immune from suit or action for all communications with the Committee, its agents, and employees and agents of the Committee.

**~~Rule 1. – Appendix~~**
~~All matters directed to the attention of the Committee shall be in writing and signed.~~

**~~Rule 2. – Appendix~~**
~~All matters directed to the attention of the Committee shall be submitted to the Administrative Office of the Courts. The Administrative Office of the Courts will retain the original and promptly mail a copy to each member of the Committee.~~

**~~Rule 3. – Appendix~~**
~~Each inquiry and/or complaint shall be considered at a meeting attended by a quorum of the members. No decision can be reached on an inquiry or complaint by less than a majority of the quorum.~~

**~~Rule 4. – Appendix~~**

(a) The Committee shall meet as needed and shall be subject to the call of the Chair upon seven (7) days notice. The Chair shall issue a call upon receipt of six (6) inquiries or complaints subsequent to the last meeting of the Committee.

(b) At the Chair's discretion, a meeting may be scheduled by telephone conference call.

**Rule 5. – Appendix**
Pursuant to Rule III a. of the Rules Creating a Committee on the Unauthorized Practice of Law, if, after discussion and consideration of an inquiry or complaint, the Committee determines that there is insufficient evidence on which to proceed with a formal investigation, the Committee shall issue a response to the complaining party to that effect.

**Rule 6. – Appendix**
Pursuant to Rule III b. of the Rules Creating a Committee on the Unauthorized Practice of Law, if the Committee determines that a formal investigation is warranted, the Committee may use its discretion to proceed with the investigation as it deems appropriate, which may include the calling of witnesses before one or more members of the Committee to give sworn testimony at an investigative hearing(s).

(a) Investigative hearings should be conducted as soon as practical after the Committee receives the inquiry or complaint.

(b) The investigative hearing shall be conducted in a manner prescribed by the Chair, who shall preside, or who shall designate a Committee member to preside.

(c) If, as a result of its formal investigation, the Committee determines that an act or acts of the unauthorized practice of law has occurred, the Committee shall issue an advisory opinion to that effect, directing that the party cease and desist said act or acts. Copies shall be mailed to the interested parties by certified mail.

**Rule 7. – Appendix**
Pursuant to Rule III c. of the Rules Creating a Committee on the Unauthorized Practice of Law, the Committee, in its own name, may seek injunctive relief in the appropriate Court(s) if issuance of the advisory opinion does not result in cessation of those acts or course of conduct the Committee has pronounced to be the unauthorized practice of law.

**Rule 8. – Appendix**
The Administrative Office of the Courts shall prepare and shall send by certified mail return receipt requested, all necessary correspondence at the direction of the Chair and shall send copies of said correspondence to each member of the Committee. The Administrative Office of the Courts shall maintain a file of all documents submitted or prepared in each case.

WOOD, J., dissents without opinion.